Curia, per

O’Neall, J.
In this case, the facts having gone to the jury, with no improper instructions from the Court, ordinarily, it would not have been necessary to have said a word more. But as there is some division of opinion in the Court, and as I have been given to understand that the reasons of the minority will be expressed by a dissent, I must also, in justice to myself and my brethren who concur with me, assign our reasons. It must be remembered that the plaintiff relies on a special as-sumpsit, and this has been found by the jury on proof which may very well admit the construction put on it by them. How can this Court say they are wrong 7 For every one knows how *345 differently evidence appears from the lips of a witness, from what it does when reported in the most accurate manner. In this case a mere outline of the testimony was preserved on my notes, and sketched very briefly in my report. To have taken down all of Messrs. Magrath’s and McBride’s testimony, would have required the skill of a stenographer.
But the facts which we have will abundantly vindicate the verdict. The slaves were the property of the plaintiff: they were in the possession of Patrick McBride: as soon as they were demanded from him, and a suit brought, he placed them in the hands of this defendant, by whom they were sold and the money received. He did not pay the proceeds to his brother, but, as he was bail, the money was left with him as a deposite in place of -the slaves. On these facts, what would have hindered the owner from dropping his action against Patrick, waiving the tort, and sueing Michael in assumpsit for the proceeds? That such an action could be maintained, is clear: so says Mr. Chitty (1 Ch. PI. 68 — 100,) and Buller, J. in his N. P. 131. But he did not; he went on; recovered against Patrick: and the defendant, still having the money in hand, in a conversation with Mr. Magrath, when the latter told him his brother Patrick had informed him that he had deposited with him the proceeds of the slaves sold, to stand in their place if the suit went against him, admitted that he had some things for that purpose. This the grounds of appeal admit was the money. How can this be otherwise understood than as a promise to pay the money to the plaintiff, if he recovered? What was the amount of the money thus deposited, or how it arose, did not appear, till Patrick McBride was sworn. He, however, supplied what was so material to the plaintiff’s case, and hence, therefore, I stated in the report that it was mainly from his testimony that the plaintiff was entitled to recover. Without it, I still think the plaintiff could not have recovered. With it, the plaintiff was plainly entitled to have a verdict. The money was the proceeds of his (the plaintiff’s) own slaves, as appeared from Patrick’s evidence. Ex equo et bono the plaintiff was entitled to have it. The only obstacle to an action for money had *346 and received was the technical one of the verdict against Patrick in the action of trover. Still the equitable right of the plaintiff to the money remained, and that was consideration enough to support the special promise which was fairly to he presumed from the conversation between Michael and Mr. Magrath.
I think, therefore, the verdict was well warranted.
It is no objection to say the defendant paid the money to another. He paid it a few days before the trial. It was at his peril he thus acted, and if he has to pay it twice, it is no more than he richly deserves.
The motion is dismissed.
Evans, Withers and Whitner, JJ., concurred.